UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

Michael Goulding,

Case No.: 8-17-72174-las

Chapter 7

                Debtor.

------------------------------------------------------------X

Regina Stephanie Good,

                Plaintiff,

Adv. Pro. No.: 8-17-08188-las

      v.

Michael Goulding,

                Defendant.

------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Regina Stephanie Good, appearing *pro se*,[1] brought this adversary proceeding against defendant Michael Goulding, the debtor in this chapter 7 case, seeking to except from discharge a debt owed to her by defendant pursuant to 11 U.S.C. §§ 523(a)(2), (a)(6) and 727(c).[2] The debt arises out of a decision issued prepetition by the Supreme Court of the State of New York, County of Suffolk ("State Court") on plaintiff's fraud action awarding plaintiff damages of $43,450, consisting of compensatory damages of $23,450 and punitive damages of $20,000.

---

[1] Plaintiff is representing herself *pro se* in this adversary proceeding and normally a court is "obligated to afford special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d. Cir. 2010). However, "the appropriate degree of special solicitude is not identical to all *pro se* litigants" and where, as is the case here, plaintiff is an attorney representing herself, she may not claim the special solicitude accorded other *pro se* litigants. *Id*. at 102; *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Fenner v. City of N.Y.*, No. 08 Civ. 2355(BMC)(LB), 2009 WL 5066810, at *3 (E.D.N.Y. Dec. 21, 2009), *aff'd*, 392 F. App'x. 892 (2d Cir. 2010).

[2] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

Now pending before the Court is plaintiff's motion for summary judgment ("Motion") [Dkt. No. 9] pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056. Plaintiff contends that the material facts are undisputed, and collateral estoppel precludes defendant from re-litigating in this adversary proceeding the finding of fraud made by the State Court. Defendant, appearing *pro se*, did not oppose the Motion.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) in which final orders or judgments may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

The Court has carefully considered plaintiff's submissions, the relevant law, and the record in this case.  For the reasons set forth below, plaintiff's motion for summary judgment is granted under § 523(a)(2)(A).[3]

## BACKGROUND

Because defendant has not opposed the Motion and did not file a counterstatement of facts denying or challenging plaintiff's statement of undisputed facts as required by E.D.N.Y. LBR 7056-1 ("LBR 7056-1"), the facts set forth in plaintiff's statement submitted pursuant to LBR 7056-1 ("Pl. Rule 7056-1 Statement") as supported by the record evidence are deemed admitted for purposes of the Motion. E.D.N.Y. LBR 7056-1.[4] *See Jackson v. Fed. Express*, 766

---

[3] Because the Court finds that the debt owed plaintiff is excepted from discharge under § 523(a)(2)(A), the Court need not determine whether the debt is excepted from discharge under § 523(a)(2)(B) or (a)(6). Plaintiff previously withdrew her claim for relief under § 727(c).

[4] E.D.N.Y. Local Bankruptcy Rule 7056-1 requires each summary judgment motion to include "a separate statement of the material facts as to which the moving party contends there is no genuine issue to be tried." E.D.N.Y. LBR 7056-1. The nonmoving party shall include in its opposition a separate statement of the material

F.3d 189, 194 (2d Cir. 2014) ("[A] non-response runs the risk of unresponded-to-statements of undisputed facts proffered by the movant being deemed admitted.").[5]

### A. State Court Proceeding

On or about July 14, 2006, plaintiff commenced legal proceedings in State Court against defendant; defendant's then wife, Kelly McKechnie ("McKechnie"); and Brickhouse Framing Corp. ("Brickhouse", and collectively, the "State Court Defendants"), alleging breach of contract, negligence, breach of warranty, libel, violation of the N.Y.S. Consumer Protection Statute, and fraud. *See* State Court Decision and Order dated Aug. 11, 2008 ("State Court Aug. Decision"). [Dkt. No. 9, Ex. B]; Pl. Rule 7056 Statement, para. 6. The State Court Defendants filed an answer and a counterclaim on or about August 2, 2006. Pl. Rule 7056 Statement, para. 6. Plaintiff served a response to the State Court Defendants' answer and counterclaim on October 18, 2006. *Id.* para. 7.

Plaintiff's State Court action arose out of an agreement between the parties in which Brickhouse was hired to remove an existing deck at plaintiff's home and frame a new deck with gray composite decking. State Court Aug. Decision. The agreement was signed by plaintiff and McKechnie as President of Brickhouse on July 8, 2005. *Id.* According to plaintiff, defendant held himself out as the owner of Brickhouse and he represented that the new deck would be constructed using TimberTech material and that a permit was not required for the construction of the deck. *Id.* Plaintiff asserted that defendant did not possess the required

---

facts it contends there exists a genuine issue to be tried. All material facts set forth in the moving party's statement "will be deemed to be admitted by the opposing party unless controverted by the statement required to be served by the opposing party. Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible . . . ." *Id.*

[5] The Court is nevertheless tasked with reviewing plaintiff's statement of undisputed facts to "ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson*, at 194. The Court has undertaken that task and is satisfied that plaintiff's citations to the record evidence supports the statement of undisputed facts submitted in support of the Motion.

sales license to enter into the contract with plaintiff. *Id*. Plaintiff further claimed that the State Court Defendants fraudulently deleted the word "TimberTech" from the contract and not only was the deck constructed out of a material other than "TimberTech," but that she was informed by the Town of Brookhaven that the deck had several deficiencies which violated the Brookhaven Town Code. *Id*.

The parties engaged in discovery in State Court. Pl. Rule 7056 Statement, paras. 8-14. On or about October 19, 2007, a preliminary conference was held in State Court at which Jim McCormick, counsel for the State Court Defendants, stated that defendant did in fact contract with plaintiff for "TimberTech" and that plaintiff had a tape recording confirming that fact. *Id*. para. 15. When the parties were due to return to State Court for a conference on March 5, 2008, the State Court Defendants fired McCormick and hired new counsel. *Id*. para. 16. At the April 9, 2008 conference in State Court, Steven Bertolino ("Bertolino"), the State Court Defendants' new attorney, notified the State Court that McKechnie had filed a petition for relief under chapter 7 bankruptcy. *Id*. para. 17.

Plaintiff thereafter moved for summary judgment on all claims asserted against defendant and Brickhouse. *See* State Court Aug. Decision. At a May 5, 2008 conference, the State Court granted plaintiff's oral application to sever the State Court action against McKechnie and then proceeded to hear argument on the matter against Brickhouse and the defendant. *Id*. At the conference, Bertolino moved to be relieved as counsel, which application was granted, and notified the State Court that Brickhouse was dissolved upon the filing of its 2007 tax return. *Id*. Defendant testified at the May 5, 2008 conference that he discharged Bertolino as his counsel and understood that he had the opportunity to respond to plaintiff's motion for summary judgment before June 12, 2008. *Id*. The State Court then scheduled a

conference on the matter on August 6, 2008 at 10:00 a.m. *Id.* No opposition to plaintiff's motion for summary judgment was filed and served by defendant or Brickhouse. *Id.*

On August 6, 2008, plaintiff appeared for a conference before the State Court as scheduled. *Id.* The clerk of the court called the calendar at 10:00 a.m. and there was no response from either defendant or Brickhouse. *Id.* The clerk called the calendar a second time at 12:00 p.m. and again there was no appearance by defendant or Brickhouse. *Id.* Accordingly, because neither defendant nor Brickhouse appeared at the conference, the State Court granted a default judgment in favor of plaintiff pursuant to N.Y.C.R.R. 202.27 on August 11, 2008. *Id.* The action was then set down for an inquest on damages. *Id.*

On September 15, 2008, plaintiff appeared for the scheduled inquest. Pl. Rule 7056 Statement, para. 22. Defendant did not appear. *Id.* The State Court rendered a decision after the inquest stating the following:

> Based upon the Court's decision, which is dated August 11, 2008, the failure of any of the Defendants to appear here, the credible testimony of the Plaintiff as her own witness on the records, the Court believes that the Plaintiff is entitled to the following both from the corporate Defendant Brickhouse Framing Corporation and from the individual Defendant, Michael Goulding, the sum of $23,450 in compensatory damages; those being the amount paid for the deck and the amount that is required to (sic) based upon an estimate to replace the deck, essentially the cost for having someone come in and take a look at it.

> In addition, the Court is awarding the Plaintiff $20,000 in punitive damages because the Court believes that the Plaintiff has demonstrated a cause of action against both those Defendants for fraud, in that they have willfully and intentionally lied to her and to the Court and indeed to the Department of Consumer Affairs.

> So, [the Court] is awarding the Plaintiff a total sum against both Defendants in the sum of $43,450. That is without costs and disbursements. The costs and disbursement that were set forth by the Plaintiff on the record are set by the Clerk when she submits judgment. She submits proof of her costs and disbursements and those that the Clerk awards will be

> submitted . . . . Plaintiff is permitted to submit judgment to the
> Clerk directly.

State Court Decision, dated Sept. 15, 2008 ("State Court Sept. Decision"). [Dkt. No. 9, Ex. C].

### B. Procedural History

Plaintiff commenced this adversary proceeding against defendant pursuant to, *inter alia*, § 523(a)(2)(A), (a)(2)(B), and (a)(6) seeking to except from discharge the debt owed her by defendant. [Dkt. No. 1]. Defendant filed an answer asserting that (i) he is not responsible for the debt, (ii) he was a field representative and employee of Brickhouse, (iii) the contract was with Brickhouse and McKechnie, the owner and president of Brickhouse, and (iv) plaintiff had the opportunity to stop McKechnie from going bankrupt in 2008.[6] [Dkt. No. 7]. The Court held two pretrial conferences at which plaintiff and defendant each appeared *pro se*. Thereafter, plaintiff filed and served the Motion seeking judgment that the debt at issue is nondischargeable in defendant's bankruptcy case under § 523(a)(2)(A), (a)(2)(B), and (a)(6) on the basis that defendant is collaterally estopped from seeking a determination of the litigated issues in this subsequent adversary proceeding. Defendant did not file opposition to the Motion.

### DISCUSSION

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7056, summary judgment may not be granted unless the movant shows, based on admissible evidence in the record placed before the court, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[6] The Court notes that McKechnie was severed from the State Court Action in April 2008, prior to the entry of the State Court Aug. Decision, as a result of McKechnie's bankruptcy filing. *See* State Court Aug. Decision.

Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'") (quoting former Fed. R. Civ. P. 56(c)). A fact is considered material if it "might affect the outcome of the suit under the governing law," and a genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex*, 477 U.S. at 322-23. If the moving party meets its initial burden, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "mere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). Thus, to meet its burden, the opposing party must offer more than a "scintilla of evidence" that a genuine dispute of material fact exists, *Anderson*, 477 U.S. at 252, or that there is some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. It must present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S. at 249 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

On a motion for summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities

in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 162 (2d Cir.), *cert. denied*, 549 U.S. 953 (2006) (quoting *Anderson*, 477 U.S. at 249). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005) (citation omitted).

Notably, a court may not grant summary judgment merely because opposition has not been filed. Rather, the Court is called upon to examine the record to determine if the moving party has shown that no genuine dispute as to any material fact exists. *Jackson*, 766 F.3d at 194. "On an unopposed motion for summary judgment, the court still is required to make a determination as to whether the movant is entitled to judgment as a matter of law based on the undisputed facts proven through the evidence presented." *Indo–Med Commodities, Inc. v. Wisell (In re Wisell)*, 494 B.R. 23, 34 (Bankr. E.D.N.Y. 2011) (citing *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

B.  Collateral Estoppel

Plaintiff contends that summary judgment should be granted because defendant is collaterally estopped from challenging the State Court Sept. Decision finding him liable for fraud. "In establishing a cause of action under § 523(a) of the Bankruptcy Code, a creditor may invoke the principles of collateral estoppel, or issue preclusion." *JP Morgan Chase Bank, NA v. Selig (In re Selig)*, Case No. 8-17-70042-reg, Adv. No. 8-17-08107-reg, 2018 WL 889350, at *3 (Bankr. E.D.N.Y Jan. 24, 2018) (citing *Grogan v. Garner*, 498 U.S. 279, 285 (1991)). The Second Circuit has held, "where the debt in question is a judgment entered after a claim of fraud has been adjudicated, either party to a subsequent adversary proceeding on

nondischargeability can invoke collateral estoppel to establish that the debt is or is not dischargeable under the relevant nondischargeability provision." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (quoting *Giaimo v. DeTrano* (*In re DeTrano*), 326 F.3d 319, 322 (2d Cir. 2003)).

The doctrine of collateral estoppel precludes litigation of an issue that has been fully decided by a court of competent jurisdiction. *Selig*, 2018 WL 889350, at *3. Federal courts give a state court judgment preclusive effect if the state within which the judgment was rendered would do so as well. *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987). "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so[ ]. . . ." *Id.* (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Collateral estoppel also applies to default judgments. *Kelleran*, 825 F.2d 694 (noting a bankruptcy court must give preclusive effect to a default judgment obtained in state court to the extent a New York court would do the same). However, in order for a judgment to have preclusive effect, "the bankruptcy court must be able to point to clear and unequivocal factual and/or legal findings in the pre-petition judgment which would satisfy the requisite elements . . . ." *Wisell*, 494 B.R. at 29. Courts "will not string together sentences . . . so as to cobble together a finding . . . ." *Id.* (quoting *Sarasota CCM, Inc. v. Kuncman* (*In re Kuncman*), 454 B.R. 276, 284 (Bankr. E.D.N.Y. 2011), *aff'd*, 466 B.R. 590 (E.D.N.Y. 2012)).

As plaintiff's judgment was rendered by a New York court, New York collateral estoppel law applies. In New York, a judgment will be given preclusive effect if "[f]irst, the identical issue necessarily [was] decided in the prior action and [is] decisive of the present action, and second, the party to be precluded from relitigating the issue [had] a full and fair opportunity to contest the prior determination." *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63,

67 (N.Y. 1985) (citing *Gilberg v. Barbieri*, 423 N.E.2d 807, 808 (N.Y. 1981)). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues . . . whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action." *Kaufman*, 482 N.E.2d at 67. Where the defendant had a full and fair opportunity to appear and litigate the issue of liability, the Second Circuit has given preclusive effect to default judgments rendered by New York courts, unless there's evidence that the judgment was procured by collusion or fraud or the state court lacked jurisdiction. See *Kelleran*, 825 F.2d at 694; *Evans*, 469 F.3d at 282–83; *Selig*, 2018 WL 889350, at *3.

   With this legal framework in mind, the Court now addresses whether the criteria for application of the doctrine of collateral estoppel have been satisfied and resolves all triable issues necessary to determine nondischargeabilty. In doing so, the Court is mindful that the policy behind the discharge and dischargeability of debt is to give "the honest but unfortunate debtor" an opportunity for a fresh start. *Grogan*, 498 U.S. at 287 (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)). However, the exceptions to discharge provisions set forth in § 523 limit this opportunity at a fresh start and can be a "financial death sentence" to a debtor denied a discharge of debt. *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 66 (2d Cir. 2007), *cert. denied*, 555 U.S. 1097 (2009). Consequently, "exceptions to discharge are to be narrowly construed and genuine doubts should be resolved in favor of the debtor." *Id.* (citing *Cazenovia Coll. v. Renshaw (In re Renshaw)*, 222 F.3d 82, 86 (2d Cir. 2000)). Nevertheless, and of particular importance here, is that bankruptcy law has "long prohibited debtors from discharging liabilities incurred on account of their fraud." *Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998).

C. Analysis

    1. Identity of Issues

For the first criteria, "the identity of the issues," the Court must determine whether the findings made by the State Court in the State Court Sept. Decision satisfy the elements of nondischargeability asserted by plaintiff under § 523. *Selig*, 2018 WL 889350, at *3.

Under § 523(a)(2)(A), a debt will be excepted from discharge if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ." 11 U.S.C. § 523(a)(2)(A). The Second Circuit held in *Evans* that "[t]he elements of actual fraud under [the] Bankruptcy Code incorporate the general common law of torts and . . . include a false representation, scienter, reliance, and harm." *Evans*, at 283 (citing Rest. (Second) of Torts § 525 and *Field v. Mans*, 516 U.S. 59, 70 n.9 (1995)); *see also Wisell*, 494 B.R at 37. A claim for fraud under New York law requires a showing of "a false representation of material fact, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury." *Evans*, 469 F.3d at 283 (citing *Channel Master Corp. v. Aluminum Ltd. Sales*, 4 N.Y.2d 403, 406-407, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958)); see also *Kuncman*, 466 B.R. at 594; *United Service Orgs., Inc. v. Ottimo (In re Ottimo)*, Case No. 8-15-74712-reg, Adv. Proc. No. 8-16-08019-reg, 2017 WL 2470861, at *3 (Bankr. E.D.N.Y. June 7, 2019) (finding actual fraud under § 523(a)(2) to be identical to common law fraud under New York law). The Second Circuit also noted that fraud must be established by clear and convincing evidence under New York law, which is a higher burden of proof than the preponderance of evidence standard required under § 523(a) and weighs in favor of applying collateral estoppel. *Evans*, at 283. Consequently, a state court's entry of a default judgment

based upon a finding of fraud under New York law, especially where punitive damages are imposed, will satisfy the actual fraud requirement of § 523(a)(2)(A). *Id.* (holding that the New York court's default judgment finding fraud and imposing punitive damages resolved all issues needed to establish nondischargeability under § 523(a)(2)).

The State Court Sept. Decision specifically found fraud on the part of defendant stating that "[p]laintiff has demonstrated a cause of action against both [Brickhouse and the defendant] for fraud, in that they have willfully and intentionally lied to her" and awarded plaintiff compensatory damages of $23,450 and punitive damages of $20,000. [Dkt. No. 9, Ex. C]. Although the State Court did not in its decision in favor of plaintiff detail each element of a cause of action for fraud under New York law, there is no question that the State Court determined that all elements of common law fraud were met in awarding plaintiff both compensatory and punitive damages. Plaintiff's adversary compliant before this Court relies on the findings made against defendant in the State Court and she argues that the preclusive effect of the State Court decision in her favor resolves all triable issues necessary for this Court to conclude that the debt at issue is nondischargeable under § 523(a)(2)(A). The Court agrees. Defendant has not denied or challenged the recitation by plaintiff of the undisputed facts which clearly point to the findings made by the State Court concerning defendant's fraudulent conduct. Rather defendant's sole response, contained in his answer filed in this adversary proceeding, was that he was merely an employee of Brickhouse and should not be bound by the State Court Sept. Decision. However, the State Court specifically found defendant to have "willfully and intentionally lied" to plaintiff and held him also to be personally liable, not just Brickhouse, for fraud. Accordingly, the Court finds that the State Court Sept. Decision contains sufficient findings of defendant's fraudulent conduct for the purposes of nondischargeability under § 523(a)(2)(A).

2. Full and Fair Opportunity to Litigate

As to the second criteria of collateral estoppel, it is clear defendant had a full and fair opportunity to litigate the issue of liability before the State Court. Defendant was served with the State Court complaint and appeared in State Court. He was represented in State Court by several attorneys who subsequently withdrew as counsel. Defendant was present when the State Court scheduled the hearing on plaintiff's motion for summary judgment for August 6, 2008 and the State Court ensured that defendant understood he had an opportunity to respond prior to the hearing on the summary judgment motion.

However, defendant abandoned his defense. He neither filed opposition to plaintiff's summary judgment motion nor appeared in State Court at the August 6 hearing. The State Court called the matter twice at different times prior to entry of the default judgment in favor of plaintiff. Notice was also subsequently given to defendant as to the inquest hearing on damages and he again failed to appear or file any opposition. It cannot be said that defendant did not have the opportunity to appear and defend the allegations lodged against him. Rather, he had a "full and fair opportunity to litigate the issue," but chose not to do so. There is no evidence that defendant appealed the State Court decisions or moved for reconsideration. Thus, based on the uncontroverted record before this Court, the second criteria for application of the doctrine of collateral estoppel has been satisfied and bars defendant from relitigating the issue previously decided against him in a proceeding in which he unquestionably had a full and fair opportunity to fully litigate the matter.

Because the Court finds the debt owed plaintiff by defendant is excepted from discharge under § 523(a)(2)(A), the Court need not address whether the debt at issue is also nondischargeable pursuant to § 523(a)(2)(B) or (a)(6).

CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted. The debt arising from the decision of the State Court awarding plaintiff damages of $43,450 is excepted from discharge pursuant to § 523(a)(2)(A). Judgment in favor of plaintiff excepting the debt from discharge will be entered accordingly.

So ordered.



**Dated: September 30, 2021**
      **Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**